Michael J. Bobroff, Sally E. Barker, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., for defendant.

**Andrew WILLIAMS, Jr., Plaintiff,**

v.

**EVANGELICAL RETIREMENT HOMES OF GREATER ST. LOUIS, d/b/a Friendship Village, Defendant.**

**No. 78–536C(C).**

United States District Court, E. D. Missouri, E. D.

Sept. 25, 1979.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MEREDITH, District Judge.

This matter was tried to the Court. The Court has been duly advised by testimony, exhibits, and briefs, and makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. Evangelical Retirement Homes of Greater St. Louis is a not-for-profit corporation organized under the laws of the State of Missouri and is the owner and operator of a nursing and retirement home located in Chesterfield, Missouri. It does business under the name of Friendship Village.

2. Food Service Management, Inc. is a Missouri corporation engaged in the business of institutional food management services (hereinafter called Food Service).

3. Andrew Williams, Jr., the plaintiff, is a black male who was a cook at Friendship Village from August 1975 through June of

1976. Williams was on the payroll of Friendship Village and Friendship Village had a contract with Food Service whereby Food Service supervised the employees, furnished the food and recipes, and billed Friendship Village on a monthly basis.

4. Robert Fortel was an employee of Food Service and had supervision of plaintiff Williams. Fortel directed the food management at Friendship Village on behalf of Food Service. Fortel was on the payroll of Food Service Management, Inc., and in a supervisory position. Friendship Village had no control over Robert Fortel.

5. In May of 1976 the plaintiff requested that Food Service promote him to the position of manager in charge of the defendant's Chesterfield facility. He had an interview with a number of Food Service people and they told him that in order for him to obtain the position he would have to quit his position with Friendship Village and that in their opinion he did not have the necessary skill and experience to be a food services manager. Fortel and Williams obviously disliked each other intensely. Williams told Fortel he wanted Fortel's job. Fortel testified that the plaintiff refused to follow the recipe book which they used in all of their food management operations and instead used his own recipes, which resulted in unsatisfactory meals on several occasions. Williams was late on many occasions and left the Friendship Village premises without permission, and would not take direction from Fortel.

6. On or about June 4, 1976, Fortel terminated the plaintiff from the position of head cook at Friendship Village. He wrote up reports which indicated that Williams' performance was unsatisfactory. However, Friendship Village refused to sign these reports and instead signed reports saying that Williams' performance was good and recommended him for reemployment

7. On or about June 10, 1976, Williams filed a charge of discrimination and failing to promote him. One charge was filed against Friendship Village; another charge was filed against Food Service. The charges were almost identical.

8. On September 29th, 1976, Williams entered into a conciliation agreement with Food Service Management, Inc., and settled his differences with them for $630.00.

9. Plaintiff was replaced as head cook by another black male.

10. Plaintiff's charge of failing to promote him to a food service manager because he was black can only be asserted against Food Service Management, Inc., since the managers were under their exclusive control, and, because the plaintiff has settled with Food Service, this complaint cannot be asserted against this defendant.

11. There is no evidence to show that the plaintiff's discharge had any connection with the fact that he was black. He was replaced by another black cook and the reasons for his discharge were because of his clash with Fortel of Food Service, his failure to follow recipes, his tardiness, and his leaving the premises without permission.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction by virtue of 42 U.S.C. §§ 1981 and 2000e.

2. The evidence conclusively shows that the reasons for plaintiff's discharge were not related to his race.

3. Both parties have requested that attorneys' fees be allowed to each of them. Attorneys' fees will be allowed to neither party.

4. Judgment will be entered in favor of the defendant and against the plaintiff, and the cause will be dismissed with prejudice.